1  Thomas F. Fitzpatrick (SBN 193565)
   *tfitzpatrick@goodwinprocter.com*
2  Joseph R. Farris (SBN 263405)
   *jfarris@goodwinprocter.com*
3  **GOODWIN PROCTER LLP**
   135 Commonwealth Drive
4  Menlo Park, California  94025-1105
   Tel.:  650.752.3100
5  Fax:  650.853.1038

6  Attorneys for Defendants
   NASH MOTORCYCLE L.L.C.,
7  TABER NASH, and TEDDY NASH

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| CARLINI ENTERPRISES, INC. dba CARLINI DESIGN, a California corporation, and ANTHONY ("TONY") J. CARLINI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>NASH MOTORCYCLE L.L.C., a Washington limited liability company, TABER NASH, an individual, TEDDY NASH, an individual,<br><br>Defendants. | Case No. SACV11-0185 DOC (RNBx)<br><br>**ANWER OF DEFENDANTS NASH MOTORCYCLE L.L.C., TABER NASH, AND TEDDY NASH TO COMPLAINT FOR PATENT INFRINGEMENT**<br><br>Judge:    Hon. David O. Carter<br><br>**JURY TRIAL DEMANDED** |

Defendants Nash Motorcycle L.L.C., Taber Nash and Teddy Nash ("Defendants") hereby file their Answer to the Complaint by Carlini Enterprises, Inc., dba Carlini Design and Anthony J. Carlini (hereafter "Plaintiffs"), as follows:

## JURISDICTION AND VENUE

1. Defendants admit that this Court has federal question jurisdiction pursuant to the patent laws of the United States of America, Title 35 United States Code.

2. Defendants admit that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 (b). Except as so admitted, Defendants deny the remaining allegations of Paragraph 2.

## THE PARTIES

3. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and on that basis deny them.

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and on that basis deny them.

5. Defendants admit that Nash Motorcycle L.L.C. ("Nash Motorcycle") is a Limited Liability Company and a distributor and retailer of motorcycle handlebars for Harley Davidson motorcycles located in Vancouver, Washington.

6. Defendants admit that Defendant Taber Nash is an individual who resides in Vancouver, Washington and is an owner and manager of Defendant Nash Motorcycle.

7. Defendants admit that Defendant Teddy Nash is an individual who resides in Vancouver, Washington and is an owner and manager of Defendant Nash Motorcycle.

8. Defendants deny the allegations in Paragraph 8.

# FIRST CAUSE OF ACTION
# PATENT INFRINGEMENT
### (Against All Defendants)

**A.    CARLINI**

9.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and on that basis deny them.

**B.    CARLINI PATENTS**

10.    Defendants admit that on or about November 17, 2009, U.S. Patent No. D604,212 S issued for an ornamental design. Defendants admit that Tony J. Carlini is listed as the named inventor of the patent. Except as admitted, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and on that basis, deny them.

11.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and on that basis deny them.

12.    Defendants deny the allegations in Paragraph 12.

13.    Defendants deny the allegations in Paragraph 13.

14.    Defendants deny the allegations in Paragraph 14.

15.    Defendants deny the allegations in Paragraph 15.

# AFFIRMATIVE DEFENSES

Without admitting any allegations of the Complaint not otherwise admitted, Defendants aver and assert affirmative defenses as follows:

## FIRST AFFIRMATIVE DEFENSE

1.    Plaintiffs' Complaint fails to state any claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2.    Defendants have not directly infringed, contributorily infringed, or induced the infringement of the patent-in-suit.

## THIRD AFFIRMATIVE DEFENSE

3. The patent-in-suit is invalid on the grounds that the purported inventions attempted to be patented therein fail to meet the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103 and/or 112.

## JURY DEMAND

Defendants demand a trial by jury on all issues so triable as a mater of right and law.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for relief as follows:

a. That Plaintiffs take nothing by way of its Complaint;

b. That the Complaint be dismissed with prejudice;

c. That judgment be entered in favor of Defendants that it has not infringed, contributed to the infringement of, or induced others to infringe, the patent-in-suit;

d. That judgment be entered in favor of Defendants that the patent-in-suit is invalid and unenforceable;

e. That Defendants be awarded attorney's fees and costs as provided by law; and

f. That the Court award Defendants such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: April 14, 2011 | Respectfully submitted,<br><br>By: /s/ Thomas F. Fitzpatrick<br>Thomas F. Fitzpatrick<br>*tfitzpatrick@goodwinprocter.com*<br>Joseph R. Farris<br>*jfarris@goodwinprocter.com*<br>**GOODWIN PROCTER LLP**<br>135 Commonwealth Drive<br>Menlo Park, California  94025-1105<br>Tel.:  650.752.3100<br>Fax:  650.853.1038<br><br>*Attorneys for Defendants*<br>NASH MOTORCYCLE L.L.C.,<br>TABER NASH, and TEDDY NASH |

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 10250 Constellation Blvd., Los Angeles, CA 90067.

On April 14, 2011, I served the following documents by placing a true copy thereof in a sealed envelope(s) on the persons below as follows:

**DEFENDANTS NASH MOTORCYCLE L.L.C., TABER NASH, and TEDDY NASH'S ANSWER TO COMPLAINT**

Becky V. Christensen, Esq.                     Counsel for Plaintiff
Edward F. O'Connor, Esq.
The Eclipse Group LLP
1920 Main Street
Suite 150
Irvine, CA 92614
Email: *BChristensen@eclipsegrp.com*
Email: *EOConnor@eclipsegrp.com*

☐  (MAIL) I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California.

☑  (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed above by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(d)(1). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

☐  (EXPRESS MAIL) I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this firm's practice for collecting and processing Express Mail for mailing. On the same day that Express Mail is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a post office, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service for receipt of Express Mail.

☐ (OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express , an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed as stated above, with fees for overnight delivery paid or provided for.

☐ (MESSENGER SERVICE) I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed and provided them to a professional messenger service for service. A separate Personal Proof of Service provided by the professional messenger service will be filed under separate cover.

☐ (FACSIMILE) Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ (E-MAIL or ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction this service was made and that the foregoing is true and correct.

Executed on April 14, 2011, at Los Angeles, California.

Gareth Oania
(Type or print name)

_Gareth Oania /SKD_
(Signature)